IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD BODDIE, JR.,

    Petitioner,

  vs.                              Civil Action 2:14-cv-226
                                    Judge Watson
                                    Magistrate Judge King

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

    Respondent.

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his May 27, 2010 conviction in the Franklin County Court of Common Pleas. This matter is before the Court on respondent's motion to dismiss the action as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Respondent's Motion to Dismiss* ("*Respondent's Motion*"), ECF 8. Petitioner opposes *Respondent's Motion*. *Petitioner's Contra Motion to Respondent's Motion to Dismiss* ("*Petitioner's Response*"), ECF 9. Respondent has not filed a reply. For the reasons that follow, the Court concludes that the action was not untimely filed.

**I.    Background**

Petitioner was convicted in May 2010, following a jury trial, on one count of domestic violence in violation of O.R.C. § 2919.25 and one count of abduction in violation of O.R.C. § 2905.02. *Judgment*

1

*Entry*, attached to *Petition*, ECF 3.  On June 25, 2010, petitioner was sentenced to a term of imprisonment of 12 months for the crime of domestic violence and five years for the crime of abduction, the sentences to be served concurrently.  *Id.*

Represented by new counsel, petitioner appealed from that conviction to the Ohio Tenth District Court of Appeals, raising the issues of denial of a speedy trial and ineffective assistance of trial counsel.  *Respondent's Motion*, Exhibits 25, 26.  The Tenth District Court of Appeals affirmed petitioner's conviction on June 30, 2011. *Id*. Exhibits 28, 29.  Petitioner did not pursue an appeal from that decision to the Ohio Supreme Court.

On June 20, 2012, petitioner filed a *pro se* motion to reopen his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, again asserting the denial of a speedy trial and the ineffective assistance of trial counsel.  *Id*. Exhibit 30.  The Tenth District Court of Appeals denied petitioner's motion on September 25, 2012 as untimely and without merit.  *Id*. Exhibits 31, 32.  On October 22, 2012, petitioner filed a notice of appeal to the Supreme Court of Ohio from that decision.  *Id*. Exhibits 33, 34.  The Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4) on February 6, 2013.  *Id*. Exhibit 37.

On July 26, 2011, petitioner filed motions in the Franklin County Court of Common Pleas, seeking expert assistance, the appointment of counsel, and to set aside the judgment of conviction or sentence.  *Id*. Exhibits 38, 39, 40.  The petition to set aside the judgment of

conviction or sentence was denied on September 8, 2011.  *Id*. Exhibit 43.  Petitioner did not file a timely appeal from that decision.

Petitioner also filed a motion to prepare transcripts of proceedings at the State's expense on November 10, 2011.  *Id*. Exhibit 44.  The trial court denied that motion on January 4, 2012.  *Id*. Exhibit 45. Petitioner did not appeal from that decision.

Petitioner filed a motion titled "Motion to Vacate Sentence (Not to be Construed as a Motion for Post Conviction Relief)" on June 1, 2012, in the Franklin County Court of Common Pleas.  *Id*. Exhibit 46. Petitioner again alleged the ineffective assistance of his trial counsel in connection with his speedy trial claims.  *Id*.  Petitioner's motion was denied on August 15, 2012.  *Id*. Exhibit 47.

On September 17 and 18, 2012, petitioner filed notices of appeal from the August 15, 2012 denial of his motion to vacate and the September 8, 2011 denial of his petition to set aside the judgment of conviction.  *Id*. Exhibits 48, 49.  The Tenth District Court of Appeals construed petitioner's filings as petitions for post-conviction relief, *id*. Exhibit 56, and consolidated these appeals. *Id*. Exhibit 50. On September 12, 2013, the state appellate court affirmed the trial court's decisions.  *Id*. Exhibits 55, 56.  Petitioner did not file an appeal with the Ohio Supreme Court from that decision.

Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Ohio on October 15, 2012.  *Id*. Exhibit 57.  That court *sua sponte* dismissed the petition on November 28, 2012.  *Id*. Exhibit 59.

3

Petitioner filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 on March 3, 2014. Petitioner signed the *Petition* on February 25, 2014 and represents that he placed the *Petition* in the prison mailing system on that same date. *Petition*, p. 21. In the *Petition*, petitioner claims that he is in custody in violation of the United States Constitution and federal law. Specifically, petitioner alleges that his post-conviction relief petition was denied without an evidentiary hearing, his post-conviction claims were improperly denied on the basis of *res judicata*, he was denied a transcript of voir dire proceedings, the prosecutor knowingly used false and perjured testimony, the Supreme Court of Ohio refused to entertain "the discretionary appeal in post-conviction proceedings," he was denied the effective assistance of counsel, there was fraudulent concealment of exculpatory and impeaching material evidence, and there is insufficient evidence to support his domestic violence conviction. *Petition*, pp. 10-12.

Respondent contends in *Respondent's Motion* that the *Petition* was untimely filed.

**II. Discussion**

The AEDPA imposes a one-year statute of limitation "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.A. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. When a petitioner is "aware of the factual predicate of [his] claims at the time of his direct appeal, and the claims do not implicate sections 2244(d)(1)(B) or 2244(d)(1)(C), the one-year statute of limitations [begins] to run on the date that his judgment became final, at the expiration of the time for seeking direct review." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012)).  "The one-year period of limitations is tolled during the time that a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Keeling*, 673 F.3d at 459 (quoting 28 U.S.C. § 2244(d)(2)).  An application for post-conviction relief remains "pending" for purposes of § 2244(d)(2) during the time that the petitioner could seek timely review, even if he does not actually seek such review. *Martin v. Wilson*, 110 Fed. Appx. 488, 490 (6th Cir. August 11, 2004)(citing *Carey v. Saffold*, 536 U.S. 214, 219-

20 (2002). *See also Campbell v. Warden*, 2009 WL 6594326, at *6 n.4 (S.D. Ohio July 14, 2009).

The state appellate court affirmed petitioner's conviction on direct appeal on June 30, 2011. *Respondent's Motion*, Exhibits 28, 29. Rule 7.01(A)(1)(a) of the Rules of Practice for the Supreme Court of Ohio requires an appellant to "file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed." Petitioner did not file a notice of appeal in the Supreme Court of Ohio. Accordingly, petitioner's conviction became "final" for purposes of the statute of limitations on August 15, 2011, and the statute of limitations would ordinarily begin to run the next day. *See Gonzales*, 132 S.Ct. at 653-54 ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review' . . . . For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review' — when the time for pursuing direct review in this Court, or in state court, expires."). Accordingly, petitioner's one-year statute of limitations would have expired on August 15, 2012, unless statutory or equitable tolling extends the period.

The statute of limitations is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Such an application must "challenge or otherwise seek review of [the petitioner's] conviction or sentence" in

order to effectively toll the statute of limitations. *Tomilson v. Lazaroff*, No. 2:07-CV-583, 2008 WL 2796549, at *2 (S.D. Ohio July 16, 2008) (citing *Fleming v. Lazaroff,* No. C-1-05-513, 2006 WL 1804546 (S.D. Ohio June 28, 2006)). "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id*. (emphasis in original). *See also Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012).

On July 26, 2011, *i.e.,* before petitioner's judgment became "final," petitioner filed a motion to set aside the judgment of conviction or sentence in the Franklin County Court of Common Pleas. *Respondent's Motion*, Exhibit 40. The state appellate court construed this filing as a petition for post-conviction relief. *Id*. Exhibit 56. Respondent concedes that the statute of limitations was tolled during the pendency of this motion, but argues that the statute of limitations began to run the day after the trial court dismissed that petition on September 9, 2011. *Respondent's Motion*, p. 17. However, this application for post-conviction relief must be considered to have been "pending," for purposes of § 2244(d)(2), even during the thirty (30) days during which the petitioner could have sought timely review by the state court of appeals, *see* Ohio R. App. P. 4(A)(1), even

7

though petitioner did not seek such timely review. *See Martin v. Wilson*, 110 Fed. Appx. at 490 (citing *Carey v. Saffold*, 536 U.S. at 219-20). Thus, the statute of limitations began to run on October 8, 2011.

The statute of limitations ran for 237 days until, on June 1, 2012, petitioner filed another petition for post-conviction relief. *Respondent's Motion*, Exhibit 46. That petition was not apparently filed within the time required by O.R.C. § 2953.21(A)(2)(petition for post-conviction relief must be filed within 180 days after the trial transcript is lodged with the court of appeals). However, neither the state trial court nor the state appellate court found this petition to be untimely. Because the state courts did not characterize this petition as improperly filed, this Court concludes that the June 1, 2012 petition also served to toll the statute of limitations under § 2244(d)(2*). See Martin v. Wilson*, 110 Fed. Appx. at 490 (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Thus, the statute of limitations was tolled for the time that this petition was pending, *i.e.,* from June 1, 2012 until October 27, 2013 (when the period for seeking review by the Ohio Supreme Court expired).

The statute of limitations therefore resumed on October 28, 2013 and ran for another 120 days until the *Petition* was signed on February 25, 2014. *See Houston v. Lack*, 487 U.S. 266 (1988)(a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts).

By this Court's calculation, the *Petition* was effectively filed within 357 days – or less than one (1) year - after petitioner's conviction became final. The *Petition* is therefore not untimely.

It is therefore **RECOMMENDED** that *Respondent's Motion to Dismiss*, ECF 8, be **DENIED.**

This matter is also before the Court on petitioner's motion for the Court to take judicial notice, ECF 10.  Petitioner asks that the Court take judicial notice that the State of Ohio lacked subject matter jurisdiction to convict petitioner.  Petitioner's motion seeks judicial notice of a fact that is subject to reasonable dispute, *see* Fed. R. Civ. P. 201, and would challenge the fact of his confinement. It is therefore also **RECOMMENDED** that petitioner's motion to take judicial notice, ECF 10, be **DENIED.**

Because respondent has not yet made substantive response to the *Petition*, petitioner's requests for the appointment of counsel and for a hearing, made in *Petitioner's Response*, p. 9, are **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 20, 2014                    *s/Norah McCann King*
                                      Norah M$^c$Cann King
                            United States Magistrate Judge