UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD BODDIE, JR.,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:14-cv-226
Judge Watson
Magistrate Judge King

## OPINION AND ORDER

On November 20, 2014, the Magistrate Judge recommended that Respondent's *Motion to Dismiss*, ECF 8, be denied. *Order and Report and Recommendation,* ECF 11.[1] This matter is now before the Court on Respondent's objection to that recommendation. *Obj.*, ECF 17. Pursuant to 28 U.S.C. § 636(b), and Federal Rule of Civil Procedure 72(b), this Court has conducted a *de novo* review. For the reasons that follow, Respondent's *Objection* is **OVERRULED**. The *Order and Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* is **DENIED**. Respondent is **DIRECTED** to file a response to the *Petition* within twenty-one (21) days. Petitioner may file a reply within twenty-one (21) days thereafter.

The *Motion to Dismiss* asks that the action be dismissed as untimely. In recommending that the motion be denied, the Magistrate Judge reasoned, *inter*

---

[1] The Magistrate Judge also denied Petitioner's requests for the appointment of counsel and an evidentiary hearing. *Id.*

*alia*, that Petitioner's state post-conviction proceedings served to toll the statute of limitations under 28 U.S.C. § 2244(d)(2).[2] In particular, the Magistrate Judge reasoned that this tolling included the time during which petitioner could have, but did not, file an appeal in those state court proceedings. The sole issue raised in the *Objection* is whether those periods of time are properly included in the tolling of the statute of limitations. If they are, this action is timely; if they are not, the action is untimely.

Respondent maintains that Petitioner's July 26, 2011, application for post-conviction relief tolled the running of the statute of limitations only until September 8, 2011, *i.e.*, the date on which the state trial court dismissed the

---

[2] 28 U.S.C. 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

action, and not for the thirty (30) days thereafter during which Petitioner could have filed, but did not file, an appeal from that dismissal. Respondent appears to concede that Petitioner's June 1, 2012, second application for post-conviction relief tolled the running of the statute of limitations for the period during which those proceedings were pending before the state trial court and court of appeals. *See Obj.*, PageID# 699 n.1. Respondent contends, however, that the statute of limitations was tolled only until September 12, 2013, *i.e.*, the date on which the state appellate court affirmed the trial court's dismissal of that action. *Id.* at PageID# 699–700.

The Magistrate Judge reasoned that the statute of limitations was tolled until October 27, 2013, *i.e.*, the last date on which Petitioner could have sought, but did not seek, review by the Ohio Supreme Court. *Order and Report and Recommendation*, PageID# 660.

As noted, Respondent argues that the time during which a petitioner could have sought appellate review of the dismissal of a state post-conviction proceeding should not be counted in the tolling period if the petitioner does not in fact seek such review. Respondent acknowledges that the United States Court of Appeals for the Sixth Circuit, *Martin v. Wilson*, 110 F. App'x. 488, 490 (6th Cir. Aug. 11, 2004) (citing *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)), and indeed the majority of courts to consider the issue, have rejected this argument. *Obj.*, PageID# 700–01. Respondent argues that the unpublished decision of the Sixth Circuit is not binding on this Court and that decisions of the United States

Supreme Court, *Evans v. Chavis,* 546 U.S. 189 (2006); *Pace v. DiGuglielmo,* 544 U.S. 408, 413–14 (2005); *Carey v. Saffold,* 536 U.S. 214, when viewed together, require the opposite conclusion. *Obj.,* PageID# 701. This Court disagrees.

In *Pace v. DiGuglielmo,* the Supreme Court held that a petition for post-conviction or collateral relief denied by the state courts as untimely does not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). *Id.* 544 U.S. at 412–14 (citing *Artuz v. Bennett,* 531 U.S. 4, 11 (2000)). In *Evans v. Chavis,* the United States Supreme Court reiterated its holding in *Carey v. Saffold*:

> For purposes of tolling AEDPA's 1–year limitations period, is a state habeas application "pending" during the interval between (1) the time a lower state court reaches an adverse decision, and (2) the day the prisoner timely files an appeal? We answered this question "yes." 536 U.S. at 219–221, 122 S.Ct. 2134. If the filing of the appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1–year AEDPA time limit.

*Evans v. Chavis,* 546 U.S. at 192.[3] Respondent seems to argue that, because the United States Supreme Court has held that the timely appeal in a post-conviction or collateral proceeding serves to toll the running of the statute of limitations, it follows that the time period during which a petitioner could have filed, but did not file, a timely appeal does not toll the running of the statute of limitations. *Obj.,* PageID# 701–02.

---

[3] In *Evans v. Chavez*, the Supreme Court specifically rejected the argument that the California Supreme Court's summary dismissal of a collateral proceeding filed more than three years late constituted a decision on the merits.

Case No. 2:14–cv–226 Page 4 of 7

None of the cases relied upon by Respondent addresses the precise issue presented in this action. The statute requires that the time during which a properly filed application for state post-conviction relief "is pending" be excluded from the calculation of the statute of limitations. 28 U.S.C. § 2244(d)(2). This Court is not persuaded that the Supreme Court's decision in *Carey v. Saffold* supports Respondent's narrow interpretation of that phrase:

> The dictionary defines "pending" (when used as an adjective) as "in continuance" or "not yet decided." Webster's Third New International Dictionary 1669 (1993). It similarly defines the term (when used as a preposition) as "through the period of continuance . . . of," "until the . . . completion of." *Ibid*. That definition . . . means that an application is pending as long as the ordinary state collateral review process is "in continuance"- *i.e.*, "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."
>
> . . . A federal habeas petitioner must exhaust state remedies before he can obtain federal habeas relief. The statute makes clear that a federal petitioner has not exhausted those remedies as long as he maintains "the right under the law of the State to raise" in that State, "by any available procedure, the question presented." 28 U.S.C. § 2254(c). We have interpreted this latter provision to require the federal habeas petitioner to "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The exhaustion requirement serves AEDPA's goal of promoting "comity, finality, and federalism," *Williams v. Taylor,* 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000), by giving state courts "the first opportunity to review [the] claim," and to "correct" any "constitutional violation in the first instance." *Boerckel, supra*, at 844-845, 119 S.Ct. 1728.

> And AEDPA's limitations period - with its accompanying tolling provision - ensures the achievement of this goal because it "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). California's interpretation violates these principles by encouraging state prisoners to file federal habeas petitions before the State completes a full round of collateral review. This would lead to great uncertainty in the federal courts, requiring them to contend with habeas petitions that are in one sense unlawful (because the claims have not been exhausted) but in another sense required by law (because they would otherwise be barred by the 1-year statute of limitations).
>
> It is therefore not surprising that no circuit court has interpreted the word "pending" in the manner proposed by California. Every Court of Appeals to consider the argument has rejected it. *Melancon v. Kaylo*, 259 F.3d 401, 406 (C.A.5 2001); *Payton v. Brigano*, 256 F.3d 405, 408 (C.A.6 2001); *Hizbullahankhamon v. Walker*, 255 F.3d 65, 72 (C.A.2 2001); *Nyland v. Moore*, 216 F.3d 1264, 1267 (C.A.11 2000); *Swartz v. Meyers*, 204 F.3d 417, 421-422 (C.A.3 2000); *Taylor v. Lee*, 186 F.3d 557, 560-561 (C.A.4 1999); *Nino v. Galaza*, 183 F.3d 1003, 1005 (C.A.9 1999); *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (C.A.10 1999).

*Carey v. Saffold,* at 218-220. In short, this Court concludes, as did the Magistrate Judge, that the statute of limitations was tolled during the time that Petitioner could have filed, but did not file, an appeal from the decisions denying his applications for post-conviction relief. It follows, then, that the *Petition* was not untimely filed.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, Respondent's *Objection*, ECF

17, is **OVERRULED**. The *Order and Report and Recommendation*, ECF 11, is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss*, ECF 8, is **DENIED**.

Respondent is **DIRECTED** to file a response to the *Petition* within twenty-one (21) days. Petitioner may file a reply within twenty-one (21) days thereafter.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT