IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD BODDIE, JR.,**

      **Petitioner,**

  v.                                       **Case No. 2:14-cv-00226**
                                                **Judge Watson**
**CHARLOTTE JENKINS, WARDEN,**          **Magistrate Judge King**
**CHILLICOTHE CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the *Petition* (ECF No. 3)*,* Respondent's *Return of Writ* (ECF No. 19), Petitioner's *Traverse* (ECF No. 25, 26)*,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, Petitioner may notify the Court, within fourteen (14) days, that he intends to delete his unexhausted claim and proceed only on his remaining, exhausted, claims.

**Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On May 6, 2008, a Franklin County Grand Jury indicted appellant with one count of domestic violence in violation of R.C. 2919.25 and one count of abduction in violation of R.C. 2905.02, both felony offenses. Appellant entered a not guilty plea to the charges.

1

> Eventually, a jury found appellant guilty of both charges on May 27, 2010. The trial court sentenced appellant accordingly.
>
> Appellant appeals and assigns the following errors:
>
> I. APPELLANT'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED UNDER OHIO LAW AS WELL AS THE OHIO AND FEDERAL CONSTITUTIONS WHEN NUMEROUS DELAYS OCCURRED PRIOR TO HIS TRIAL.
>
> II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL CONTRA HIS RIGHTS UNDER THE OHIO AND FEDERAL CONSTITUTIONS.

*State v. Boddie*, No. 10AP-687, 2011 WL 2586717, at *1 (Ohio App. 10th Dist. June 30, 2011). On June 30, 2011, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner apparently did not file an appeal with the Ohio Supreme Court.

On June 20, 2012, petitioner filed a *pro se* motion to reopen his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, again asserting the denial of a speedy trial and the ineffective assistance of trial counsel. *See Exhibit 30*, attached to *Motion to Dismiss* (ECF No. 8-2), PageID# 209. On September 25, 2012, the Ohio Tenth District Court of Appeals denied petitioner's motion as untimely and without merit. (ECF No. 8-3, PageID# 317.) On February 6, 2013, the Ohio Supreme Court dismissed the appeal. *State v. Boddie*, 134 Ohio St.3d 1451 (Ohio 2013).[1]

> On July 26, 2011, appellant filed a "petition to vacate or set aside judgment of conviction or sentence." Therein, appellant again claimed that he had been denied the effective assistance of trial counsel. He also alleged that law enforcement threatened to pursue criminal charges against the victim if she refused to testify against him, and in turn, she committed perjury. Appellant asserted that the victim's health history and prior criminal convictions affected her credibility. Appellant attached several unsworn documents to his petition. Among these documents were letters that appellant

---

[1] The Ohio Supreme Court also denied Petitioner's motion to take judicial notice pursuant to Ohio Evid.R. 201 and to provide a complete copy of *voir dire* transcripts.

claimed were written by the victim, including one in which the victim stated that appellant "did not abduct" her. (R. 213.)

On June 1, 2012, appellant filed a "motion to vacate sentence," which again raised an ineffective assistance of trial counsel claim and also alleged he was denied his right to a speedy trial.

On September 8, 2011, without holding a hearing, the trial court denied the July 26, 2011 petition because the issues raised by appellant were barred by the doctrine of res judicata. The trial court also denied appellant's June 1, 2012 motion to vacate his sentence on August 15, 2012 without holding a hearing. The court reasoned that res judicata precluded appellant from raising the issue of a speedy trial violation, and he failed to support the substantive requirements for his ineffective assistance of counsel claim. Appellant appealed from the judgments of the trial court, and this court consolidated the appeals.

III.   ASSIGNMENTS OF ERROR

Appellant assigns three errors for our consideration:

[I.] Appellant contends that the trial court committed plain and prejudicial error, and denied him due process and equal protection of law when the trial court denied appellant's motion for post-conviction relief without (1) holding a formal hearing/evidentiary hearing on his misconduct claims, and (2) for denying the petition without providing findings of fact and conclusions of law in violation of appellant's U.S. constitutional rights to meaningful access-to-the court founded under the 1st, and 14th amendments.

[II.] Appellant contends that he was denied due process and meaningful access-to-the-courts when the trial court denied appellant's post-conviction motion on res-judicata grounds in violation of appellant's 1st and 14th amendment rights under the United States Constitution.

[III.] Appellant contend that the trial court violated his constitutional rights to meaningful access-to-the courts, due process, and equal protection of law under the 1st and 14th amendments to the U.S. Constitution when the court deliberately ignored evidence presented that appellant suffered ineffective assistance of counsel at trial.

*State v. Boddie*, Nos. 12AP-811, 12AP-812, 2013 WL 4973012, at *1-3 (Ohio App. 10th Dist. Sept. 12, 2013).  The state court of appeals affirmed the judgment of the trial court. *Id*. Petitioner apparently did not file an appeal to the Ohio Supreme Court.

On October 15, 2012, however, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Ohio.  *Exhibit 57*, attached to *Motion to Dismiss* (ECF No. 8-5), PageID# 550.  On November 28, 2012, the Ohio Supreme Court *sua sponte* dismissed the petition. *Exhibit 59*, attached to *Motion to Dismiss* (ECF No. 8-5), PageID# 592.

On March 3, 2014, Petitioner filed this action, alleging that the trial court unconstitutionally denied his petition for post conviction relief without conducting an evidentiary hearing (claim one); that the trial court abused its discretion and denied him due process by denying his post conviction claims as barred under Ohio's doctrine of *res judicata* (claim two); that he was denied due process and equal protection when the Ohio Supreme Court failed to provide him with a transcript of *voir dire* proceedings (claim three); that he was denied a fair trial based on prosecutorial misconduct (claim four); that the Ohio Supreme court improperly refused to accept his post conviction appeal (claim five); that he was denied the effective assistance of counsel (claim six); that he was denied "a fair trial, confrontation right, effective assistance of counsel, due process [and] equal protection. . . by the fraudulent concealment of exculpatory and impeaching material evidence,"  *Petition* (ECF No. 3), PageID# 79 (claim seven); that the evidence is constitutionally insufficient to sustain his convictions (claims eight and nine); and that he was convicted in violation of the Fourth Amendment (claim ten). Respondent contends that Petitioner's claims fail to state a basis for relief and are procedurally defaulted or without merit.

**Exhaustion**

In claim six, Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to consult with him or to conduct adequate investigation. *Petition* (ECF No. 3), PageID# 78. Although Petitioner raised this same claim in the state court of appeals, he did not pursue an appeal to the Ohio Supreme Court. However, Petitioner may still file a motion for a delayed appeal to the Ohio Supreme Court. *See* Rule 7.01(A)(4), Rules of Practice of the Supreme Court of Ohio.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). In Ohio, this exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir.1970). Because Petitioner did not pursue either a direct or delayed appeal to the Ohio Supreme Court, Petitioner has not exhausted claim six.

Federal courts may not entertain "mixed petitions," *i.e.,* petitions that present both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). However, federal courts have the discretion to stay a mixed petition in order to permit the petitioner to present his unexhausted claims to the state court, and then to return to federal court for review of all, now exhausted, claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, stays under these circumstances should be only sparingly used; stays are not appropriate, for example, when the unexhausted grounds are plainly meritless. *Id.* at 278. A petitioner seeking a stay to permit exhaustion of an unexhausted claim must demonstrate both good cause for having failed to

---

exhaust his state court remedies and a potentially meritorious claim. *Id*. at 277–78. Petitioner cannot meet this standard here.

The record reveals that that Petitioner cannot establish good cause for having failed to pursue a delayed appeal in the Ohio Supreme Court. Further, his claim is not potentially meritorious because it appears from the record that his claim is likely barred from review by the Ohio Supreme Court on the basis of untimeliness. A stay of proceedings is unwarranted because a motion for delayed appeal would have little, if any, likelihood of success. *Williams v. Thaler*, 602 F.3d 291 (5th Cir.2010) (When a petitioner is "procedurally barred from raising [his] claims in state court," his "unexhausted claims are plainly meritless.")

**Recommended Disposition**

The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, Petitioner may notify the Court, within fourteen (14) days, if he intends to delete his unexhausted claim six and proceed on only his remaining, exhausted, claims.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          *s/ Norah McCann King*
          Norah McCann King
          United States Magistrate Judge
          August 13, 2015