UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD BODDIE, JR.,

    Petitioner,

v.

CHARLOTTE JENKINS, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,

    Respondent.

Case No. 2:14-cv-226
Judge Watson
Magistrate Judge King

## ORDER

On August 14, 2015, the Magistrate Judge recommended that the petition for a writ of habeas corpus be dismissed without prejudice as unexhausted or, in the alternative, that Petitioner be given fourteen days to notify the Court if he intended to delete his unexhausted claim and proceed only on his remaining, exhausted, claims. *Report and Recommendation*, ECF 27. Petitioner objects to that recommendation. *Objection*, ECF 30. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF 30, is **OVERRULED**. The *Report and Recommendation*, ECF 27, is **ADOPTED** and **AFFIRMED**. Because Petitioner has not indicated that he wishes to proceed on only his exhausted claims, this action is hereby **DISMISSED**, without prejudice, as unexhausted.

In his sixth claim for relief, Petitioner alleges the denial of the effective assistance of counsel. Although Petitioner raised this claim in his direct appeal,

he has never filed an appeal with the Ohio Supreme Court. Because Petitioner may yet pursue a delayed appeal under Ohio Supreme Court Rule of Practice 701(A)(4), the Magistrate Judge concluded that this claim is unexhausted.

The Magistrate Judge also concluded that this claim is not so meritorious as to warrant a stay of the federal habeas corpus action pending exhaustion. *See Rhines v. Weber*, 544 U.S. 269 (2005). Accordingly, the Magistrate Judge recommended that the action be dismissed, without prejudice, as unexhausted unless Petitioner notifies the Court, within fourteen (14) days, that he wishes to delete this unexhausted claim and proceed only on his exhausted claims.

In his objections, Petitioner does not appear to contend that his sixth claim for relief is exhausted. Rather, Petitioner contends that the deletion of his claim of ineffective assistance of counsel from the *Petition* will deny him fundamental fairness and will result in a "sham habeas proceeding." *Objection*, ECF 30, PageID# 1559. Petitioner also argues that the circumstances of this case justify excusal of the exhaustion requirement. *Id.* at PageID# 1562, 1564, 1575. He also objects to the Magistrate Judge's conclusion that this claim of ineffective assistance of counsel is not potentially meritorious so as to justify a stay of proceedings under *Rhines v. Weber*. He argues that he has exhausted his off-the-record claims of ineffective assistance of counsel by presenting them in his petition for post conviction relief. He asserts that prison officials prevented him from timely filing an appeal in post conviction proceedings, thereby denying him access to the state courts. *Id.* at PageID# 1565–69. He has attached various

documents in support of this allegation. *Id.* at PageID# 1582–86. He also alleges that he is actually innocent of the charge on which he was convicted and that he is the victim of a miscarriage of justice. *Id.* at PageID# 1571–73. He asserts that he has no viable remedy by which to present a claim of ineffective assistance of counsel to the state courts and that to attempt to exhaust this claim therefore would be an exercise in futility. *Id.* at PageID# 1574, 1576–78. He requests an evidentiary hearing and the appointment of counsel. *Id.* at PageID# 1581.

The only issue presently before the Court is whether Petitioner has exhausted his on-the-record claim of ineffective assistance of counsel as required under 28 U.S.C. § 2254(b), (c).[1] The Court expresses no opinion as to the merit of any off-the-record claims of ineffective assistance of counsel, nor

---

[1] 28 U.S.C. 2254(b), (c) provide:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

does the Court make any determination of procedural default based on Petitioner's apparent failure to raise those issues in the Ohio Supreme Court.

To the extent that Petitioner raises in this action the same on-the-record claim of denial of the effective assistance of counsel that he raised in the Ohio Court of Appeals, that claim remains unexhausted. Moreover, the Court agrees that that claim is not potentially meritorious so as to justify a stay of proceedings, see Rhines v. Weber, because the Ohio Supreme Court will likely deny Petitioner's delayed appeal as untimely. See Williams v. Thaler, 602 F.3d 291 (5th Cir. 2010) (Where a petitioner is "procedurally barred from raising [his] claims in state court," his "unexhausted claims are plainly meritless."). Having said that, however, the Court also concludes that exhaustion of this claim should not be excused as an exercise in futility. See Lee v. Warden, Noble Correctional Inst., 2013 WL 4479200, at *9-10 (S.D. Ohio Aug. 19, 2013) (citing Ortiz v. Wolfe, 466 F. App'x 465 (6th Cir. March 1, 2012) (The Petitioner "must at least give Ohio's courts a chance to decide an appeal before declaring it an exercise in futility."). For these reasons, Petitioner's Objection is **OVERRULED.**

Petitioner has not indicated that he wishes to delete his unexhausted claim of ineffective assistance of counsel and proceed only on his remaining exhausted claims. Therefore, this action is **DISMISSED** as unexhausted. Petitioner's request for the appointment of counsel and evidentiary hearing are **DENIED.**

Petitioner's Objection, ECF 30, is **OVERRULED.** The Report and Recommendation, ECF 27, is **ADOPTED** and **AFFIRMED.** Because Petitioner

has not indicated that he wishes to proceed on only his exhausted claims, this action is hereby **DISMISSED**, without prejudice, as unexhausted.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**